T.C. Memo. 1999-128


UNITED STATES TAX COURT


THOMAS J. AND ROBIN HAVENS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3584-98.                    Filed April 20, 1999.


Thomas J. and Robin Havens, pro sese.

<u>Katherine L. Wambsgans</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1] Unless otherwise indicated, all section references are to
                                        (continued...)

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1995 in the amount of $582.

After a concession by petitioners,[2] the issue for decision is whether petitioners must report on their joint return the $1,640 of wage income received by petitioner wife.  We hold that they must.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioners resided in Mogadore, Ohio, at the time that their petition was filed with the Court.

Petitioners filed a joint Federal income tax return for the year in issue.  Petitioners' return was prepared by Linda Havens (Ms. Havens).  On Form 1040A, line 6(e), a total of 4 exemptions were claimed.  On line 21, Ms. Havens incorrectly calculated the total exemptions of $10,000 (4 × $2,500) to be $1,000.  As a result of this mathematical error, petitioners reported an additional $9,000 in taxable income.  Petitioners signed their return on February 4, 1996, and claimed a refund due of $1,264.41.

---

(...continued)
the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioners concede that petitioner wife received $1,640 of wage income during the year in issue.

Petitioners' mathematical error at line 21 of Form 1040A was detected by respondent's Cincinnati Service Center during the initial processing of petitioners' income tax return. After identifying the mathematical error on petitioners' return, the Cincinnati Service Center mailed petitioners a Correction Notice dated March 18, 1996, indicating a refund of $2,616.41 was due petitioners.

Soon thereafter, petitioners received a refund check for $2,616.41 from respondent. Petitioners contacted the Service Center to ensure that they were entitled to the additional $1,352 of refund, and after being assured that the amount was correct, they proceeded to cash the refund check and spend the proceeds.

On November 25, 1997, respondent issued a notice of deficiency, determining that petitioners had failed to report $1,640 of wage income received by petitioner wife. This adjustment resulted in $248 of additional tax and a recapture of earned income credit in the amount of $334.[3]

## OPINION

Petitioners contend that they did not report petitioner wife's wage income because they were told by Ms. Havens that petitioner wife qualified as a dependent of petitioner husband

---

[3] Petitioners do not contest that the recapture of the earned income credit is purely a mechanical matter dependent upon the disposition of the issue herein involved.

and that as a dependent earning less than $2,500 of income in any given year, petitioner wife was not required to report that income.

Section 61(a)(1) defines "gross income * * * [to mean] all income from whatever source derived, including (but not limited to) * * * Compensation for services".  "Wages * * * are income to the recipients".  Sec. 1.61-2(a)(1), Income Tax Regs.  Income has also been defined as "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Unless specifically excluded by another provision of the Internal Revenue Code, all income is subject to tax.  See id. at 430. Therefore, petitioner wife's wages must be included in petitioners' gross income and may be excluded therefrom only if allowed under some provision of the Internal Revenue Code.

The theory advanced by petitioners for the exclusion of petitioner wife's wages from income is not supported by any statutory basis.  First, under section 152(a), the term "dependent" clearly does not include a spouse.[4]  Second, even if

---

[4]  To qualify as a "dependent" within the meaning of sec. 152(a), an individual must either be related to the taxpayer in one of the 8 specific ways enumerated by the statute, see sec. 152(a)(1) to (8), or be a member of the taxpayer's household for the entire taxable year, see sec. 152(a)(9).  See also sec. 1.152-1, Income Tax Regs.  A taxpayer's spouse is not related to the taxpayer in any of the specific ways enumerated by the
(continued...)

petitioner wife did qualify as a dependent of petitioner husband, nothing excludes the income of a spouse--even if the income is less than $2,500--from exclusion on a joint return. Rather, section 6013(d)(3) provides that if a joint return is filed, "the tax shall be computed on the aggregate income" of both spouses. Therefore, petitioner wife's wage income is includable on petitioners' joint return.

Alternatively, petitioners contend that they should not now be required to pay an additional tax for the year in issue because they received a refund for that year for an additional amount they did not claim on their return. Petitioners contend that respondent should have ensured that no other taxes were owing before issuing the additional $1,352 refund. We disagree.

Petitioners in essence did claim the full $2,616.41 refund on their return by entering 4 exemptions on line 6(e) of their Form 1040A. It was only due to a mathematical error by Ms. Havens that the actual refund amount entered on lines 30 and 31 of that return was lower. Thereafter, respondent acted

---

[4](...continued)
statute and, although a taxpayer's spouse may very well be a member of the taxpayer's household for the entire year, sec. 152(a)(9) specifically excludes a spouse from its coverage.

Although a spouse does not qualify as a dependent, a spouse is entitled to a personal exemption for him or herself if a joint return is filed. See sec. 151(b); sec. 1.151-1(b), Income Tax Regs.

appropriately in light of the fact that the error appearing on petitioners' return was clearly a mathematical mistake.

Consequently, respondent did not err by issuing petitioners a refund and subsequently determining a deficiency (and notably, a deficiency arising out of an unrelated issue[5]) for the same taxable year.

In light of the foregoing, petitioners must report on their joint return the $1,640 of wage income received by petitioner wife.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5] As a response to petitioners' claims of injustice, we note that the mathematical error detected by respondent was unrelated to respondent's determination regarding the unreported wage income. Petitioners would be liable for the tax on the unreported income even if respondent had failed to detect the mathematical error and had failed to refund petitioners the additional $1,352 amount. There can be no dispute that petitioners only benefited from the summary manner in which respondent detected the mathematical error and processed petitioners' additional refund.